Filed 11/6/14  P. v. Lopez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>HUGO M. LOPEZ,<br><br>    Defendant and Appellant. | D065379<br><br><br>(Super. Ct. No. SCD246947) |

APPEAL from a judgment of the Superior Court of San Diego County, Louis R. Hanoian, Judge.  Affirmed.

Mark D. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

A jury convicted Hugo M. Lopez of three counts of child molestation (Pen. Code,[1] § 288, subd. (a)).  The jury found the crimes all involved substantial sexual conduct

---

[1]    All further statutory references are to the Penal Code unless otherwise specified.

within the meaning of section 1203.066, subdivision (a)(8). The court sentenced Lopez to a determinate term of 10 years in prison.

Lopez filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) indicating he has not discovered any reasonably arguable issues for reversal on appeal. Counsel asks this court to review the record for error as mandated by *Wende.* Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*) counsel has identified possible, but not reasonably arguable issues for the court's consideration.

We offered Lopez the opportunity to file his own brief on appeal, but he has not responded.

### STATEMENT OF FACTS

In March of 2013, the victim, C.G. lived with her parents in a complex near her paternal grandparents. Lopez was her grandfather.

On March 19, 2013, C.G.'s grandmother picked her up from school so she could babysit C.G. The grandmother left C.G. in the bedroom and was away from the home for 15 to 20 minutes.

While the grandmother was gone, Lopez entered the bedroom, removed his clothes and then removed C.G.'s clothes. He thereafter got on top of her and placed his penis in or against C.G.'s vagina.

Lopez had engaged in the same conduct on two other occasions, but had his clothes on at those times.

The prosecution introduced evidence under Evidence Code section 1108, from G.L. She testified that when she was 14, Lopez frequently sexually harassed her as she traveled to and from school.

DNA consistent with that of Lopez was found in C.G.'s underpants. One sperm cell was found in C.G.'s underpants, however it was not possible to determine the source of the sperm cell.

DISCUSSION

As we have noted, appellate counsel has filed a brief pursuant to *Wende, supra*, 25 Cal.3d 436 requesting this court review the record for error. Pursuant to *Anders, supra*, 386 U.S. 738, counsel has identified the following possible, but not reasonably arguable issues to assist the court in its review:

1. Was the testimony of G.L. properly admitted pursuant to Evidence Code section 1108?

2. Did the prosecutor commit misconduct by improperly vouching for C.G.'s credibility and impermissibly seeking sympathy for her?

We have reviewed the entire record and have not discovered any reasonably arguable issue for reversal on appeal. Lopez has been represented by competent counsel on this appeal.

## DISPOSITION

The judgment is affirmed.

_____

HUFFMAN, Acting P. J.

WE CONCUR:

_____

McDONALD, J.

_____

McINTYRE, J.